IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>      Plaintiff,<br><br>v.<br><br>**ANDREW G. EVERHART (01),**<br><br>      Defendant. | Case No. 18-20031-01-DDC |

## MEMORANDUM AND ORDER

This matter comes before the court on Andrew G. Everhart's Motion for Compassionate Release (Doc. 47). The government filed a Response (Doc. 50). And Mr. Everhart replied (Doc. 51). As explained below, the court dismisses the motion for lack of subject matter jurisdiction.

**I.      Background**

On May 10, 2018, a grand jury returned an Indictment charging Mr. Everhart with sexual exploitation of children by possessing and receiving child pornography. Doc. 1 at 1. He pleaded guilty to both counts of the Indictment without entering a plea agreement. Doc. 26. Mr. Everhart faced a Sentencing Guideline range of 97 to 121 months' imprisonment. Doc. 34 at 13 (PSR ¶ 72). On May 30, 2019, the court sentenced Mr. Everhart to a below-guidelines sentence of 78 months' imprisonment. Doc. 39 at 2. He is now serving that sentence at FCI Forrest City Low in Forrest City, Arkansas. *See* Andrew G. Everhart, Register No. 29223-031, https://www.bop.gov/inmateloc/ (last visited Jan. 5, 2021).

On September 3, 2020, Mr. Everhart filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 47). The court now recites the law governing this type of motion.

**II.     Legal Standard**

"'Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]'"  *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute or rule."  *Id.*

Title 18 U.S.C. § 3582(c) announces a general rule that the "court may not modify a term of imprisonment once it has been imposed[.]"  But the statute also recognizes certain exceptions. Even after it has imposed a term of imprisonment, the sentencing court may modify that term "upon motion of the defendant after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).  "Under that statute, a district court may reduce a sentence if, after considering any applicable sentencing factors in 18 U.S.C. § 3553, it finds 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"  *United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request."  *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (citations and internal quotation marks omitted) (vacating district court's Order denying motion under § 3582(c)(1)(A) and remanding with instructions to dismiss motion for lack of jurisdiction); *see also United States v. Harris*, No.

2

15-40054-01-DDC, 2020 WL 7122430, at *1–2 (D. Kan. Dec. 4, 2020) (discussing our Circuit's reading of § 3582(c) as jurisdictional).

### III.   Discussion

#### A.   Exhaustion or Lapse Under 18 U.S.C. § 3582(c)(1)(A)

An inmate seeking compassionate release under § 3582(c)(1)(A) must first "request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies." *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (citations omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). The court properly may consider a defendant's motion under § 3582(c)(1)(A) filed after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). "In other words, if a warden lets 30 days pass without responding to an inmate's request under § 3582(c)(1)(A), the inmate may proceed directly to file a motion with the court who imposed the prison term." *Harris*, 2020 WL 7122430, at *2–3 (discussing competing readings of "the lapse of 30 days").

Here, Mr. Everhart submitted a request for compassionate release to the Warden on June 21, 2020. Doc. 47 at 8–10. More than 30 days later, the Warden denied the request on July 29, 2020. *Id.* at 8. The government concedes that this circumstance satisfies the statutory exhaustion requirement. *See* Doc. 50 at 8. The court agrees.

#### B.   Whether Mr. Everhart Shows Extraordinary and Compelling Reasons Exist

The government also concedes that Mr. Everhart demonstrates medical conditions during the COVID-19 pandemic that qualify under § 3582(c)(1)(A)(i) as "compelling and extraordinary" by Department of Justice and Centers for Disease Control and Prevention (CDC) standards. Doc. 50 at 15. The court agrees.

Mr. Everhart asserts that he suffers from various medical conditions including asthma, hypertension, and Graves's disease. *See* Doc. 47 at 9; *see also* Doc. 47 at 17 (listing medications including albuterol inhaler used "as needed for asthma attacks"). Hypertension and moderate-to-severe asthma fall within the CDC's list of conditions that "might" place someone "at an increased risk for severe illness from the virus that causes COVID-19[.]" CDC, People with Certain Medical Conditions (updated Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 5, 2021).

Mr. Everhart also tested positive for COVID-19 and has been at times both asymptomatic and symptomatic. *See* Doc. 47 at 7 (explaining that after testing "positive asymptomatic in late March early April[,]" defendant "started showing symptoms [he is] still suffering from chest congestion, shortness of breath, sinus, and a chronic cough"). More recently, he has tested negative for COVID-19. Doc. 51 at 4. But Mr. Everhart asserts that his "prolonged COVID-19 recovery symptoms pose an independent risk of serious illness or death." *Id.*

And the government acknowledges that Mr. Everhart does not necessarily pose a direct and immediate danger to society at large. *See* Doc. 50 at 16. Satisfied that extraordinary and compelling reasons exist here, the court next considers whether the relevant sentencing factors under 18 U.S.C. § 3553(a) warrant the sentence modification Mr. Everhart requests.

### C.      Whether 18 U.S.C. § 3553(a)'s Sentencing Factors Support Modification

The government opposes Mr. Everhart's motion because, it argues, § 3553(a)'s sentencing factors disfavor his request. *Id.* The United States asserts that "a reduction to time-served would run counter relative to the nature and seriousness of his offense and the need for his sentence to provide just punishment and otherwise promote respect for the law." *Id.*; *see also* 18 U.S.C. § 3553(a)(1)–(2)(A).

The difference between a defendant's original sentence and proposed modified sentence is proportional to the difference in the court's § 3553(a) analysis necessary to render the sentence reduction appropriate under § 3582(c)(1)(A). *See United States v. Johnson*, No. 15-40064-01-DDC, 2020 WL 5981676, at *5–6 (D. Kan. Oct. 8, 2020) (discussing analysis of § 3553(a) factors under § 3582(c)(1)(A)).

If a proposed modified sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction, even where a defendant faces extraordinary and compelling circumstances. *See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence" (citations omitted)); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467, at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence." (citations omitted)). For example, *Kaufman* denied defendant's motion for compassionate release where defendant was "not (as in many of the reported covid-19 decision[s]) seeking a reduction of sentence which would allow him to leave prison a few months ahead of his scheduled departure" but rather sought "a time-served sentence which would cut in half his . . . sentence[.]" *Id.*

The court's recent Orders granting compassionate release under § 3582(c)(1)(A) reflect the analysis comparing the original and modified sentences. *See, e.g.*, *Johnson*, 2020 WL 5981676, at *5 (concluding that a modified sentence replacing remaining term of imprisonment with home confinement adequately reflected the pertinent § 3553(a) factors in aggregate where defendant had "served most of his term of imprisonment"); *United States v. Edwards*, No. 17-

5

40093-01-DDC, 2020 WL 7263880, at *3 (D. Kan. Dec. 10, 2020) (concluding that a modified sentence adequately reflected the pertinent § 3553(a) factors in aggregate where defendant had served nearly 95% of his sentence and already had transferred to a residential reentry center).

Here, Mr. Everhart is set to complete his term of imprisonment on December 6, 2024. *See* Andrew G. Everhart, Register No. 29223-031, https://www.bop.gov/inmateloc/ (last visited Jan. 5, 2021). So, roughly 47 months, or 60% of his 78-month term of imprisonment remain.

He asks the court to modify his sentence by (1) reducing his term of imprisonment to time served, (2) adding a corresponding term of home confinement to the conditions of his supervised release, and (3) extending his overall term of supervised release. *See* Doc. 51 at 7. To grant this request would reduce the severity of Mr. Everhart's sentence dramatically. The extent of that severity reduction is the difference between (1) 47 months of imprisonment and (2) 47 months of home confinement.

Replacing a period of imprisonment with a corresponding period of home confinement can mitigate the extent to which the sentence modification reduces the severity of the total sentence. *See Johnson*, 2020 WL 5981676, at *6 (discussing how replacing period of imprisonment with home confinement affects severity of total sentence). But home confinement and imprisonment generally are not equivalent. *See id.*

Here, because home confinement would replace more than 60% of the term of imprisonment, the sentence modification is substantial. A conclusion that this modified sentence is "sufficient . . . to comply with the purposes" § 3553(a)(2) sets forth would require a significant change in the court's view of § 3553(a)'s factors. Given the COVID-19 pandemic and Mr. Everhart's various health conditions, the court's assessments of various factors under § 3553(a) have shifted. Several factors favor a lesser sentence today than when the court considered them

6

during Mr. Everhart's 2019 sentencing. But those factors have not shifted enough for the court to conclude that the § 3553(a) factors *in aggregate* justify the modified sentence.

The modified sentence would not reflect the applicable sentencing factors and would not comply with the purposes set forth in § 3553(a)(2). Thus, modification of the imposed term of imprisonment is not warranted under § 3582(c)(1)(A)(i). Since Mr. Everhart's motion fails to satisfy the statutory requirements, the court lacks subject matter jurisdiction and must dismiss the matter. *See Saldana*, 807 F. App'x at 819.

## IV.   Conclusion

After considering the factors in § 3553(a), the court concludes that the extraordinary and compelling reasons that Mr. Everhart asserts do not warrant the requested sentence modification. Section 3582(c)(1)(A) thus does not authorize the court to grant the relief Mr. Everhart seeks. The court thus dismisses the Motion for Compassionate Release without prejudice for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Everhart's Motion for Compassionate Release (Doc. 47) is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Dated this 6th day of January, 2021, at Kansas City, Kansas.**

        **s/ Daniel D. Crabtree**
        **Daniel D. Crabtree**
        **United States District Judge**