**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| | **Case No. 18-20031-01-DDC** |
| **v.** | |
| **ANDREW G. EVERHART (01),** | |
| **Defendant.** | |

**MEMORANDUM AND ORDER**

Defendant Andrew Everhart has filed a pro se[1] Motion for Compassionate Release (Doc. 53). Mr. Everhart asserts that his heightened risk (due to preexisting conditions) of contracting severe illness from COVID-19 presents an extraordinary and compelling reason for compassionate release. *See id.* at 4. But Mr. Everhart has failed to exhaust his administrative remedies, as required by statute. And, even if he had exhausted his administrative remedies, he fails to show an extraordinary and compelling reason meriting compassionate release. The § 3553(a) factors moreover do not weigh in favor of granting compassionate release. The court thus denies Mr. Everhart's motion. The court explains this decision, below.

**I.      Background**

On January 31, 2019, Mr. Everhart entered a guilty plea to an Indictment (Doc. 1) charging him with sexual exploitation of children by possessing and receiving child

---

[1] Because Mr. Everhart proceeds pro se, the court construes his filings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (first citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); then citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But the court does not assume the role of advocate for a pro se litigant. *Id.*

pornography.  Doc. 26 at 6–7.  On June 4, 2019, the court sentenced him to 78 months'

imprisonment.  Doc. 39.  His projected release date is December 6, 2024.  *See* Andrew G.

Everhart, Reg. No. 29223-031, https://www.bop.gov/inmateloc (last visited Oct. 6, 2022).

Mr. Everhart filed this Motion for Compassionate Release on May 23, 2022.  Doc. 53.

And the government responded on June 22, 2022.  Doc. 55.  Mr. Everhart then filed a reply on

August 29, 2022.  Doc. 58.  Thus, the matter is fully briefed.  After considering the parties'

arguments, the court denies Mr. Everhart's motion.

## II.    **Legal Standard**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once

it has been imposed, but th[is] rule of finality is subject to a few narrow exceptions.  One such

exception is contained in [18 U.S.C.] § 3582(c)(1)."  *United States v. Maumau*, 993 F.3d 821,

830 (10th Cir. 2021) (citation and internal quotation marks omitted).  This exception permits the

court to modify a term of imprisonment "upon motion of the defendant after the defendant has

fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A); *see also*

*Maumau*, 993 F.3d at 830–31 (reviewing § 3582(c)(1)'s history, text, and requirements).  Our

Circuit has held that this exhaustion requirement is a claim-processing rule that the government

may waive or forfeit.  *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

Aside from this exhaustion requirement, the court applies a three-step analysis to motions

filed under § 3582(c)(1)(A).  *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

Under that analysis, the court may grant a motion for sentence reduction only if "(1) the district

court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district

court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Id.* Relief may "be granted only if all three prerequisites are satisfied," and so, "the three steps [can] be considered in any order." *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021).

The Tenth Circuit has held that it does not view the first step in § 3582(c)(1)(A)— "extraordinary and compelling" reasons—as jurisdictional. *Hemmelgarn*, 15 F.4th at 1031. And the court need not reach the second step of the analysis because the Sentencing Commission hasn't issued an applicable policy statement for defendant-filed compassionate release motions, like this one. *Maumau*, 993 F.3d at 837. So, "until the Sentencing Commission issues such a policy statement, the second requirement does not apply." *United States v. Quinn*, No. 10-20129-03-KHV, 2021 WL 3129600, at *2 (D. Kan. July 23, 2021).

## III. Analysis

*First*, the court considers whether Mr. Everhart has exhausted his administrative remedies. The government argues he has failed to exhaust. If the government invokes the exhaustion requirement, the district court "must enforce" it. *United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021); *see also United States v. Johnson*, 849 F. App'x 750, 753 (10th Cir. 2021) ("In this circuit, . . . § 3582(c)(1)(A)'s exhaustion requirement is mandatory, rather than judicially waivable."); *cf. Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17–18 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced[.]"); *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (applying *Hamer* to § 3582(c)(1)(A)'s exhaustion requirement). And a defendant can satisfy this exhaustion requirement by filing a compassionate-release motion if a

warden fails to respond within 30 days of defendant's compassionate-release request.  18 U.S.C. § 3582(c)(1)(A).

But whether this request to the warden satisfies the exhaustion requirement depends, in turn, on whether the offender's motion raises arguments similar to those raised in his request to the warden.  In an unpublished opinion, the Tenth Circuit has held that defendants must exhaust administrative remedies for each issue they later take to court.  *Gieswein*, 832 F. App'x at 577–78 (holding that, because defendant's "request to the warden did not include COVID-19 as a reason for compassionate release," the district court properly dismissed his COVID-19 argument for failure to exhaust administrative remedies).  Several other circuits—including one in a published decision—have adopted a similar rule.  *See United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021) (per curiam) ("[A]n inmate is required to present the same or similar ground for compassionate release in a request to the Bureau as in a motion to the court. . . . [A]ny contrary approach would undermine the purpose of exhaustion."); *United States v. Rice*, 848 F. App'x 320, 321 (9th Cir. 2021) (holding that district court must dismiss motion without prejudice where inmate's request to unit manager did not mention COVID-19 or any medical conditions as extraordinary and compelling circumstances).  Our court has stated the rule in plain terms:  "[A] defendant who wholly fails to mention any existing medical condition in a request to the warden cannot rely on a medical condition as a grounds for release before the court."  *United States v. Moreno*, 519 F. Supp. 3d 937, 940 (D. Kan. 2021) (quoting *United States v. Burgoon*, No. 07-20072-05-JWL, 2020 WL 7396914, at *3 (D. Kan. Dec. 17, 2020)).

Here, Mr. Everhart's request to Warden Yates, far from asserting a medical condition as grounds for release, contains *no* grounds for release—medical or otherwise.  Doc. 53-3.  As our Circuit has instructed, Mr. Everhart cannot, after failing to mention any medical grounds in his

4

request to Warden Yates, rely on his preexisting medical conditions and COVID-19 concerns as grounds for release in his motion.  True, Mr. Everhart's request asserts that it is "[b]ased upon the recently passed Cares Act, the Coronavirus Relief Act, and the directives of the Attorney General."  *Id.*  But identifying the *procedure* that a defendant uses to seek compassionate release says little to nothing about the *grounds* for that defendant's request.  In this instance, Mr. Everhart's reference to two laws and the Attorney General's directive explains nothing about the grounds he meant to invoke.  The court thus finds that Mr. Everhart has failed to exhaust his administrative remedies.

*Second*, even if Mr. Everhart properly had exhausted, his motion nonetheless fails to present extraordinary and compelling reasons justifying compassionate release.  Construed liberally, Mr. Everhart's filings appear to argue that his preexisting medical conditions place him at an increased risk of serious illness from COVID-19.  Doc. 53 at 4–5; Doc. 58 at 1–2.  He also notes that this court, in a January 2021 order denying his previous compassionate-release motion, conceded that his health issues at that time constituted extraordinary and compelling reasons. Doc. 53 at 5.

Mr. Everhart is right about one thing:  that this court previously agreed that his health concerns presented extraordinary and compelling reasons for release in January 2021.  *See* Doc. 52 at 3–4.  But our society's ability to manage COVID-19 has evolved since the court's earlier determination in an important way—the increased effectiveness and availability of the COVID-19 vaccine.  *See United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (noting the effectiveness of the COVID-19 vaccine).  And our Circuit's case law has recognized this changing reality and its implications for § 3582(c)(1)(A)'s extraordinary-and-compelling-circumstance requirement.  The Circuit recently held that "'a defendant's

incarceration during the COVID-19 pandemic—when the defendant *has access* to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'" *Id.* at *2 (emphasis added) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)); *accord United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the *availability of a vaccine* makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." (emphasis added)).  Our Circuit moreover has reaffirmed (in another unpublished opinion) that a defendant's access to the COVID-19 vaccine generally will prevent the requisite showing of extraordinary and compelling circumstances for release based on the COVID-19 pandemic. *United States v. Duran*, No. 21-4104, 2022 WL 4391880, at *2 (10th Cir. Sept. 23, 2022).  *But see id.* at *3 (Rossman, J., concurring) (arguing that, when considering extraordinary and compelling circumstances, a court should eschew the "blanket approach" that vaccination precludes showing extraordinary and compelling circumstances and rather assess a defendant's individual circumstances).

And it appears that several district courts within the Tenth Circuit—including this one—have adhered to this recent direction.  Following *McRae*, those courts have concluded that incarceration during the pandemic, when a defendant has had access to the COVID-19 vaccine, does not serve, on its own, as an extraordinary and compelling reason to reduce a sentence.  *See United States v. Smith*, No. 2:13-cr-00776, 2022 WL 1422197, at *6 (D. Utah May 5, 2022); *United States v. Garcia-Patino*, No. 17-20038-18-DDC, 2022 WL 1223642, at *2 (D. Kan. Apr. 26, 2022); *United States v. Logan*, No. 07-20090-01-KHV, 2022 WL 1102654, at *3 (D. Kan. Apr. 13, 2022); *United States v. Oaks*, No. 18-CR-00470-PAB-11, 2022 WL 1081148, at *2 (D. Colo. Apr. 11, 2022).

Aside from the vaccine's availability to a particular defendant, a correctional facility's "extensive and professional efforts to curtail the virus's spread" also counsel against a court's finding extraordinary and compelling reasons based on COVID-19 concerns. *United States v. Ford*, 536 F. Supp. 3d 848, 853 (D. Kan. 2021) (internal quotation marks omitted) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)) (finding that extraordinary and compelling reasons did not exist where correctional facility took preventive efforts and had nearly 50% prisoner-inoculation rate at the facility), *appeal dismissed*, No. 21-3083, 2021 WL 5467261 (10th Cir. July 21, 2021).

Here, neither Mr. Everhart nor the government assert that Mr. Everhart has received the COVID-19 vaccine. The government does assert, however, that the Bureau of Prisons has made vaccines available to both staff and prisoners at the Forrest City Low FCI and regularly tests inmates there. *See* Doc. 55 at 10–11. These efforts by the correctional facility to vaccinate and test inmates (and staff) blunts Mr. Everhart's argument that his preexisting health conditions present extraordinary and compelling reasons for release. Moreover, because our Circuit has counseled that COVID-19 does not present extraordinary and compelling reasons when a defendant has access to the COVID-19 vaccine—as Mr. Everhart apparently does here— the court finds that he fails to present an extraordinary and compelling reason for compassionate release based on COVID-19.

*Third*, even if Mr. Everhart had exhausted his remedies and presented extraordinary and compelling reasons to grant release, his motion nonetheless would fail at the third step of the § 3582(c)(1)(A) analysis. Before the court may reduce a defendant's term of imprisonment under § 3582(c)(1)(A), the court must consider whether the defendant poses a danger to the community and the relevant sentencing factors under § 3553(a). 18 U.S.C. § 3582(c)(1)(A). If a

proposed modified sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction, even where a defendant faces extraordinary and compelling circumstances. *See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence[.]"); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467, at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence.").

Here, Mr. Everhart committed a serious felony offense:  He pleaded guilty to sexual exploitation of children by possessing and receiving child pornography.  Doc. 26 at 6–7.  And his projected release date remains more than two years away.  *See* Andrew G. Everhart, Reg. No. 29223-031, https://www.bop.gov/inmateloc (last visited Oct. 6, 2022).  Given the severity of his offense and distant release date, the court finds that a sentence reduction would not reflect the nature and seriousness of Mr. Everhart's offense.  To the contrary, it would alter the sentence radically and no longer provide just punishment for his offense.

*Last*, the court addresses Mr. Everhart's request that the court appoint him counsel.  Doc. 53 at 6.  "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]"  *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).  But our court has arranged for appointment of counsel for certain indigent defendants who have filed motions for compassionate release under § 3582(c)(1)(A).  Specifically:

> Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act.  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions

brought on grounds related to the COVID-19 pandemic.  Under that Order, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination.

*United States v. Velazquez*, No. 16-20114-JAR-4, 2020 WL 7122429, at *1 (D. Kan. Dec. 4, 2020).

The FPD neither has entered an appearance for Mr. Everhart nor supplemented his pro se motion.  And Mr. Everhart's filings demonstrate that he, acting pro se, can present his claims effectively.  *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (reciting "the litigant's ability to present his claims" as a factor to consider when deciding whether to appoint counsel). In its discretion, the court thus declines to appoint Mr. Everhart counsel.

## IV.    Conclusion

Before the court may grant relief under 18 U.S.C. § 3582(c)(1)(A), Mr. Everhart must first demonstrate that he exhausted his administrative remedies.  *See Gieswein*, 2021 WL 4852420, at *1.  He must then satisfy three requirements:  (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the reduction is consistent with applicable policy statements by the Sentencing Commission; and (3) 18 U.S.C. § 3553(a)'s sentencing factors support the requested sentence modification.  *See Hald*, 8 F.4th at 937–38.  If Mr. Everhart fails to satisfy any of the three requirements, then relief is not warranted under § 3582(c)(1)(A).  *See id.* at 938 (noting that a district court may deny a motion for compassionate release if defendant fails to satisfy any one of the requirements).  Mr. Everhart has not exhausted his administrative remedies.  And he neither has established an extraordinary and compelling reason that warrants a sentence reduction nor shown that § 3553(a)'s sentencing factors support the substantial sentence reduction he seeks.  The court thus denies Mr. Everhart's motion (Doc. 53).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Andrew Everhart's "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)" (Doc. 53) is denied.

**IT IS SO ORDERED.**

**Dated this 7th day of October, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**